UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS HERRERA,

                                    Petitioner,                              No. 17-CV-5923 (KMK)

                            v.
                                                                             ORDER ADOPTING
THOMAS GRIFFIN,                                                              REPORT & RECOMMENDATION

                                    Respondent.

KENNETH M. KARAS, United States District Judge:

    Petitioner Luis Herrera ("Petitioner") was convicted in Orange County Court of eight

counts of aggravated vehicular homicide and one count of operating a motor vehicle at an unsafe

speed in violation of N.Y. Vehicle and Traffic Law § 1180(a).  (*See* Def.'s Mem. in Opp'n

("Opp'n") 1 (Dkt. No. 14); *see also* Dkt. No. 14-25 at 25 (sentencing transcript).)  In the state

court proceedings, Petitioner was sentenced to an indeterminate sentence with a maximum of

twenty-five years and minimum of twelve and a half years for each count of aggravated

vehicular homicide, to run concurrently, and a sentence of fifteen days for his count of operating

a motor vehicle at an unsafe speed.  (Dkt. No. 14-25 at 25.)

    Following a direct appeal, the Second Department affirmed Petitioner's conviction on

April 27, 2016.  *People v. Herrera*, 30 N.Y.S.3d 290 (App. Div. 2016), *leave to appeal denied*,

66 N.E.3d 4 (N.Y. 2016).  On August 4, 2017, Petitioner, proceeding pro se, filed the instant

Petition for writ of habeas corpus (dated July 28, 2017) pursuant to 28 U.S.C. § 2254,

collaterally challenging his state court convictions.  (*See* Pet. 11, 16 (Dkt. No. 2).)  He asserted

several purported errors that boil down to two points: (1) that his conviction deprived him of his

right to due process and his right not to be subjected to cruel and unusual punishment, (*id.* 3–4),

and (2) that his conviction was due to partiality on behalf of the trial judge, (*id.* at 8, 14–15).

Both of these asserted errors, he says, occurred because the trial court permitted the introduction of certain evidence. (*Id.* at 8–10, 14–15).[1] Petitioner also makes scattershot arguments that he was actually innocent, that he was profiled as a felon, and that the deceased was dead at the scene of the accident and that this fact was withheld from him. (*Id.* at 7–8, 13–14.)

On August 29, 2017, Petitioner was granted leave to proceed in forma pauperis, (Dkt. No. 3 (Order Granting IFP Application)), and the Petition was reassigned to this Court on September 15, 2017, (*see* Dkt. (minute entry for Sept. 15, 2017)).

On September 19, 2017, the Court referred this Petition to a Magistrate Judge for Habeas Corpus. (Dkt. No. 6 (Order Referring Case to Magistrate Judge).) The case was later assigned to the Honorable Andrew E. Krause ("Judge Krause"). (*See* Dkt. (minute entry for Oct. 15, 2020).) On November 17, 2025, Judge Krause issued a Report and Recommendation ("R&R") recommending that this Court deny the Petition in its entirety. (Report & Recommendation ("R&R") (Dkt. No. 30).) Judge Krause provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to the R&R were due within fourteen days from the receipt of the R&R, or seventeen days from the receipt of the same if the R&R was served upon the parties by mail, and that the failure to object would constitute a waiver of Petitioner's right to appeal. (R&R 38–39.)

In a letter dated November 24, 2025 and received December 1, 2025, Petitioner requested an extension of time to object. (Letter from Luis Herrera to Court dated Nov. 24, 2025 (Dkt. No.

---

[1] Related issues were partially raised in Petitioner's state court appeal, and the Appellate Division, Second Department addressed the point despite it being partially unpreserved. *See Herrera*, 30 N.Y.S.3d at 291 (concluding that "even without reference to the disputed testimony, there was overwhelming evidence that the defendant was the driver, and there is no significant probability that any errors in this regard might have contributed to . . . [D]efendant's convictions").

31).)  On December 17, 2025, the Court granted Petitioner's request, and extended the deadline for Petitioner to submit any objections to February 1, 2026.  (Dkt. No. 32 (Memo Endorsement).)  Despite the extension, Petitioner has not filed any objections to the R&R. (*See generally* Dkt.)

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error.  *See Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010); *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008).  The Court has reviewed the R&R and the Petition, and finding no substantive error, clear or otherwise, adopts the R&R.

Accordingly, it is hereby

ORDERED that the Report and Recommendation, dated November 17, 2025, is ADOPTED in its entirety.

ORDERED that Petitioner's writ of habeas corpus is DISMISSED.

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith.  It is further

ORDERED that the Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:    March 27, 2026
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge